# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Teresa De Jesus Arce Arias | USCIS; Kristi Noem, in her official capacity as Secretary of DHS; Rose M. Kendrick, in her official capacity |

**(b)** County of Residence of First Listed Plaintiff    Salt Lake
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Prince George
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Alec Bracken, Contigo Law, PO Box 249, Midvale, UT 84047, 801-980-9430

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [x] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [x] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. § 701;

Brief description of cause:
Defendants violated the APA and the INA in denying Plaintiff's I-360

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   10/22/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ALEC S. BRACKEN (USBN 17178)
CONTIGO LAW
P.O. Box 249
Midvale, UT 84047
Phone: 801-980-9430
Email: alec@contigo.law
Attorney for Plaintiff

UNITED STATES+ DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Teresa De Jesus Arce Arias, | |
| Plaintiff | Civil No.: 2:25-CV-938 |
| v. | COMPLAINT FOR DECLARATORY RELIEF UNDER THE APA |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, | |
| ROSE M. KENDRICK, in her official capacity as the acting Director of the National Benefits Center of U.S. Citizenship and Immigration Services, | |
| Defendants | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

TABLE OF EXHIBITS………………………………………………………………………..ii

INTRODUCTION…………………………………………………………………………….1

JURISDICTION AND VENUE…...………………………………………………………….3

PARTIES……………………………………………………………………………………...3

      PLAINTIFFS……………………………………………………………………………3

      DEFENDANTS…………………………………………………………………………4

STATUTORY AND REGULATORY FRAMEWORK...……………………………………….4

  I.     Statutory and Regulatory Framework for SIJ Adjudications………………………….4

  II.    Defendants' Mandatory Duty to Adjudicate Plaintiff's Visa Application…………….…7

STATEMENT OF FACTS………………………………………………………………….….7

CLAIMS FOR RELIEF………………………………………………………...…………….8

      COUNT ONE: ………………………………………………...…………….8

      COUNT TWO………………………………………………………………...10

      COUNT THREE………………………………………………………...…...12

RESERVATION OF RIGHTS…………………………………………………………….…14

REQUEST FOR RELIEF…………………………………………………………………….14

1

1

2

## **TABLE OF EXHIBITS**

EXHIBIT 1……………………………………………………………………….Juvenile Court Order

EXHIBIT 2………………………………………………………………………SIJ Petition Denial

EXHIBIT 3……………………………………………………………….Plaintiff's Birth Certificate

EXHIBIT 4………………………………………………………………….I-360 Receipt Notice

EXHIBIT 5……………………………………………….…………………………….Notice to Appear

EXHIBIT 6……………………………………………..………………………….State Court Petition

EXHIBIT 7………………………………………………...…………….USCIS Notice of Intent to Deny

EXHIBIT 8..…………………………………………….………………….Motion to Reconsider

EXHIBIT 9..………………………………………………………….Motion to Reconsider Receipt

EXHIBIT 10………………………………………..…………………….Motion to Reconsider Denial

EXHIBIT 11..………………………………………………………………………….Filed I-360

EXHIBIT 12………………Evidence of Legislative Intent for Petition for At Risk Non-Citizen Youth

EXHIBIT 13..………………………………………………………………...…….NOID Response

# **INTRODUCTION**

1. Plaintiff is a Salvadoran national living in the United States. Plaintiff, by and through the undersigned counsel, respectfully brings this Complaint for Declaratory relief to compel Defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, and ROSE M. KENDRICK, in her official capacity as the acting Director of the National Benefits Center of U.S. Citizenship and Immigration Services to approve Plaintiff's I-360 application for Special Immigrant Juvenile Status because Defendants' interpretation of INA § 101(a)(27)(J) is inconsistent with the statute.

2. INA § 101(a)(27)(J) identifies a special immigrant as one who is present in the United States, who has been declared a dependent on a juvenile court located in the United States, for whom it has been determined that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality, and in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status.

3. On September 6, 2011, Janet Napolitano, then Secretary of the Department of Homeland Security ("DHS") published a proposed rule, *Special Immigrant Juvenile Petitions,* 76 FR 54978 (Sept. 6, 2011) ("proposed rule"). On October 16, 2019, then purported Secretary of DHS, Kevin McAleenan re-opened the comment period of the proposed rule for thirty days. *Special Immigrant Juvenile Petitions*, 84 FR 55250 (Oct. 16, 2019). On March 8, 2022, then Secretary of DHS, Alejandro Mayorkas, Published a final rule, *Special Immigrant Juvenile Petitions*, 87 FR 13111 (Mar. 8, 2022) ("final rule").

4. This final rule, found in 8 C.F.R. 204.11(b)(1) establishes further requirements for special immigrant juvenile status, specifically, that relief from parental abuse, neglect, abandonment, or a similar basis under State law be granted or recognized by the Juvenile Court. The regulations state that

such relief may be, but does not need necessarily include, a court-ordered custodial placement or court ordered dependency.

5. In *Loper Bright Enterprises*, the U.S. Supreme Court determined that agencies are no longer entitled to extreme deference when a statute is ambiguous. *Loper Bright Enterprises v. Raimondo*, 603 U.S. __ (2024). Instead, an agency's interpretation must have a power to persuade. *Id.* 8 C.F.R. 204.11(b)(1) only requires that relief from further abuse, abandonment, or neglect be granted, and gives a non-exhaustive list of possible relief that may be granted. The regulations specifically state that it may be a "similar basis under State law." *Id.*

6. Plaintiff is physically present in the United States, has been declared to be a dependent of a juvenile court within the United States, and it has been determined that it is not in her best interest to return to her country of origin. Ex. 1. The State court granted the Petition for At Risk Non-Citizen Youth, a petition created by the State of Utah for the purpose of assisting at risk non-citizen youth in the State of Utah for the purpose of relieving non-citizen children of further abuse, abandonment, or neglect. Ex. 12.

7. Because Plaintiff was over the age of eighteen, there was no need for the Juvenile Court to appoint a legal guardian for Plaintiff, despite the fact that Plaintiff remained subject to the court's jurisdiction. Despite the State of Utah designating the petition for at risk non-citizen youth as relief to avoid further abuse, abandonment, or neglect, USCIS found that, because no guardian had been appointed, that Plaintiff was ineligible for a special immigrant juvenile visa.

8. Plaintiff turns to the Court seeking an order to compel the Defendants and those acting under them to approve Plaintiff's petition for special immigrant juvenile status.

9. Plaintiff is physically present in the United States and has been since June 16, 2021. On February 21, 2024, Plaintiff was declared a dependent of the Third District Juvenile Court for the State

2

of Utah. In the juvenile court's order, the court determined that it was not in Plaintiff's best interest to

return to her country of nationality. Ex. 1.

10. On August 13, 2024, Plaintiff applied for Special Immigrant Juvenile Status with USCIS.

Ex. 4. On October 15, 2024, Plaintiff turned twenty-one years old. Ex. 3. On November 19, 2024,

USCIS issued a notice of intent to deny. Ex. 7. On February 4, 2025, USCIS denied Plaintiff's SIJ

application. Ex. 2.

## JURISDICTION AND VENUE

11. This case arises under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et. seq.

The Court has subject matter jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 (Federal

Question Jurisdiction). This Court has authority to grant relief under the Declaratory Judgment Act (28

U.S.C. § 2201) and the APA, 5 U.S.C. § 702.

12. Pursuant to 28 U.S.C. § 1391(e), venue is proper in this district on the following grounds:

this is a civil action in which (1) Defendants are officers of the United States acting in their official

capacity or an agency of the United States; (2) Plaintiff resides in Kearns, Utah, in Salt Lake County,

and within the Utah judicial district; and (3) a substantial part of the acts or omissions giving rise to the

claim occurred in this judicial district. Therefore, venue is proper in the Utah District Court.

## PARTIES

### PLAINTIFF

13. Plaintiff is a Salvadoran citizen who came to the United States on June 16, 2021, when she

was seventeen old. Ex. 5. Plaintiff was abandoned by her mother when he was seventeen years old,

after her father died. Ex. 1. On February 21, 2024, a juvenile court found Plaintiff to be a dependent of

the juvenile court and found that it was not in her best interest to return to El Salvador. *Id*. On August

13, 2024, USCIS received Plaintiff's I-360 application for a SIJ visa. Ex. 4. On February 4, 2025, USCIS denied Plaintiff's petition for SIJ status. Ex. 2.

**DEFENDANTS**

14. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is the agency that approves I-360 SIJ petitions. It is the agency that denied Plaintiff's initial petition.

15. Defendant KRISTI NOEM (Secretary Noem) is the Secretary of the Department of Homeland Security, the parent agency of USCIS which approves I-360 SIJ petitions. As such, Secretary Noem has a supervisory responsibility over USCIS, and the issuance of the SIJ visa. Secretary Noem is sued in her official capacity.

16. ROSE M. KENDRICK (Director Robinson) is the Director of the National Benefits Center of U.S. Citizenship and Immigration Services. The National Benefits Center is the office that has responsibility over adjudication of I-360 applications, as such, Director Robinson had a supervisory role over the adjudication of Plaintiff's petition. Director Robinson is sued in her official capacity.

**STATUTORY AND REGULATORY FRAMEWORK**

I.    Statutory and Regulatory Framework for SIJ Adjudications

17. In 1952, Congress enacted the INA and has amended it several times since.

18. The INA Amendments of 1965 (P.L. 89-236), enacted during a period of broad social reform, eliminated the national origins quota system, which was widely viewed as discriminatory. In 1990, Congress passed the Immigration Act of 1990. Pub. L. 101-649.

19. The INA established a complex system of immigrant visa availability to classes of foreign nationals. Congress's chief goals in writing the INA were reunifying families, admitting skilled immigrants, protecting humanitarian interests, and promoting diversity. *See, e.g., Solis- Espinoza v. Gonzales*, 401 F.3d 1090, 1094 (9th Cir. 2005), (emphasis added).

4

20. In 1990, Congress enacted the Immigration Act which created the Special Immigrant Juvenile (SIJ) classification. 104 Stat. 4978. The INA authorizes the Secretary of the Department of Homeland Security to issue a special immigrant juvenile visa for those who meet the definition of a special juvenile immigrant pursuant to 8 U.S.C. 1101(a)(27)(J).

21. To meet the definition, an immigrant must:

(1) be declared a dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or a department of a State, or an individual entity appointed by a State or juvenile court located in the United States and whose reunification with one or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis under State law;

(2) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interests to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and

(3) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status.

*Id.*

22. USCIS has designated the form I-360 as the form required for the adjudication of an SIJ petition. 8 CFR 204.11(a). In regulatory interpretation of 8 U.S.C. 1101(a)(27)(J), USCIS created the following eligibility requirements for SIJ classification:

(1) the applicant must be under the age of 21 at the time of filing the application;

(2) the applicant must be unmarried at the time of adjudication;

(3) the applicant must be physically present in the United States;

5

(4) the applicant must be subject to a juvenile court order that meets the following qualifications:

       (i) the juvenile court must, according to the governing state law, declare the petitioner dependent upon the juvenile court, or legally committed to or placed the petitioner under the custody of an agency or department of state.

       (ii) the juvenile court must have made a judicial determination that parental reunification with one or both parents is not viable due to abuse, abandonment, neglect, or a similar basis under state law.

(5) the applicant must obtain consent of the Secretary of Homeland Security. To obtain consent, it must be shown that relief from parental abuse, neglect, abandonment, or a similar basis under State law granted or recognized by the juvenile court has been granted. Such relief may include, but is not limited to:

       (i) The court-ordered custodial placement; or

       (ii) The court-ordered dependency on the court for the provision of child welfare services and/or other court-ordered or court-recognized protective or remedial relief, including recognition of the petitioner's placement in the custody of the Department of Health and Human Services, Office of Refugee Resettlement.

8 CFR 204.11.

23. On May 3, 2023, the State of Utah created a specific petition for immigrants seeking a special immigrant juvenile visa. Utah Code Ann. §80-3-505(1)(b). This legislation, created a specific petition with the purpose of assisting at risk non-citizen youth who have been abused, abandoned, or neglected. The purpose of the petition was to help children to avoid further abuse and abandonment through the granting of the petition. Ex. 12.

**II.**    Defendants' Mandatory Duty to Adjudicate Plaintiff's Visa Application

24. Congress mandates that "[e]very alien applying for classification as a special immigrant juvenile…shall submit to the Secretary of Homeland Security evidence that is relevant to the adjudication of their petition, including but not limited to documents such as a court order indicating the juvenile's eligibility for SIJ classification, a copy of any relevant custody order, a certified copy of the juvenile's birth certificate, and any other documentation as may be required by the Secretary." 8 U.S.C. § 1101(a)(27)(J).

25. Defendants have a statutory duty to adjudicate Plaintiff's SIJ petitions within a reasonable time. 8 U.S.C. § 1232(d)(2). The Immigration and Nationality Act (INA), its implementing regulations, and pre-existing USCIS policies under the Adjudicator's Field Manual (AFM) all mandate timely adjudication of SIJ petitions. *See* 8 U.S.C. § 1154 (governing the petition process for special immigrants).

## STATEMENT OF FACTS

26. The Plaintiff entered the United States on June 16, 2021. Ex. 5. When the Plaintiff entered the United States, she was seventeen old. Ex. 3. Plaintiff's date of birth is October 15, 2003. *Id.* Plaintiff is a native and citizen of El Salvador. *Id, see also* Ex. 5. Plaintiff's father died when she was seventeen, and she was subsequently abandoned and neglected by her mother. Ex. 6 at 2. On September 29, 2023, a petition for Special Findings for At Risk Non-Citizen Youth was filed with the Third District Juvenile Court in Salt Lake County, Utah. *Id.* On February 21, 2024, the Third District Juvenile Court granted Plaintiff's petition for special findings. Ex. 1. In the order, the specific findings were made:

1. Plaintiff was neglected and abandoned by her mother;

2. Plaintiff was within the jurisdiction of the Juvenile Court;

3. Reunification with Plaintiff's mother was not viable due to the neglect and abandonment;

4. It was not in the best interest of Plaintiff to return to El Salvador.

*Id*.

27. The Court then scheduled a paper review of the proceedings for August 21, 2024, maintaining jurisdiction. *Id*. On August 13, 2024, Plaintiff submitted an I-360 to USCIS. Ex. 4.

28. On October 15, 2024, Plaintiff turned twenty-one years old. Ex. 3.  On November 19, 2024, USCIS issued a Notice of Intent to Deny alleging that proof of age and the actual order were not submitted. Ex. 7. This, however, was not correct, as was evidenced by the initial filing. Ex. 11. Nevertheless, Plaintiff responded with the requested evidence to USCIS. Ex. 13. On February 4, 2025, USCIS denied Plaintiff's visa. Ex. 2.  In the denial, USCIS stated that, in order to grant a petition for an SIJ visa, the petitioner must show an order from a juvenile court which shows they have been declared a dependent of a juvenile court or placed in the legal custody of an agency or individual. *Id*. The decision goes on to say that no evidence was provided to show that any relief was granted to prevent further abuse, abandonment, or neglect. *Id*. The initial Notice of Intent to Deny made no mention of any of these grounds for denial. Ex. 7.

29. On May 6, 2025, Plaintiff filed an I-290B motion to reconsider with USCIS. Ex. 9.

30. On May 30, 2025, Plaintiff's Motion to reconsider was denied, stating that the evidence submitted did not overcome the reason for the initial denial. Ex. 10.

## CAUSES OF ACTION

### 1.  FIRST CAUSE OF ACTION:
### VIOLATIONS OF THE DUE PROCESS CLAUSE, THE DOCTRINE OF FAIRNESS

31. Plaintiff incorporates and realleges the allegations above.

32. The Fifth Amendment to the United States Constitution provides that no person shall "be deprived of life, liberty, or property, without due process of law." Due process, at a minimum, requires

8

that parties whose rights or interests may be affected by governmental action be given notice of the case against them and an opportunity to present evidence and argument in response before an adverse decision is made. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

33. There is no statutory or regulatory requirement that USCIS issue a Notice of Intent to Deny ("NOID") prior to denying an immigration benefit request. However, the USCIS Policy Manual, Vol. 1, Pt. E, Ch. 6(F)(3) states that an officer should issue a NOID if the facts and the law warrants it. In this case, USCIS exercised its discretion to issue a NOID to Plaintiff.

34. The NOID issued to Plaintiff stated only that proof of age and a copy of the state juvenile court order were missing. These factual assertions were incorrect, as the initial filing contained both items of evidence.

35. Plaintiff timely responded to the NOID with the requested documents, even though they had already been submitted.

36. When USCIS later denied the petition, it did so on a completely different ground — asserting for the first time that Plaintiff had failed to show she was granted relief to prevent further abuse, abandonment, or neglect. This basis for denial was never mentioned in the NOID, and Plaintiff was given no opportunity to address it before the adverse decision.

37. The ground for denial cited in Plaintiff's decision was clearly a curable deficiency—had USCIS notified Plaintiff of this concern, she could have submitted additional evidence from the state court record or other sources addressing the relief granted to prevent further abuse, abandonment, or neglect.

38. By issuing a NOID that failed to identify the actual basis for denial, and then denying the petition on an entirely new ground without issuing a new NOID, USCIS acted contrary to its own stated

policies, deprived Plaintiff of the opportunity to respond, and undermined the principles of fair notice and fundamental fairness embedded in the Due Process Clause.

39. USCIS's actions were arbitrary and unfair because they induced Plaintiff to respond to one set of issues while concealing the actual dispositive basis for denial until it was too late to address. Such conduct is inherently prejudicial and violates the doctrines of fairness recognized by the courts.

40. As a direct result of these violations, Plaintiff has suffered loss of eligibility for Special Immigrant Juvenile classification, denial of her visa petition, and the attendant risk of removal from the United States.

41. The paramount issue in this case is not whether USCIS was required to issue a NOID prior to denying Plaintiff's SIJ petition, but that USCIS did issue a NOID in which it hid the ball as to the actual reason for the denial. USCIS was deceptive in its adjudication of this petition, and Plaintiff was only made aware of the final reason for denial after she had cured the supposed issues with her initial petition.

42. This violated Plaintiff's due process rights and created irreparable damage by not allowing Plaintiff to supplement the record and to cure any supposed defect. Now that Plaintiff's adjudication as been closed, and that she has turned twenty-one years old, she is barred from curing any defects and refiling her petition. Therefore, This Court should find that USCIS denying Plaintiff's SIJ visa violated her due process rights and the doctrine of fairness.

## 2. SECOND CAUSE OF ACTION:
### VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT

43. Plaintiff incorporates and realleges all the allegations above.

44. The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(27)(J), establishes eligibility for Special Immigrant Juvenile ("SIJ") classification where a state juvenile court has issued

an order making the requisite findings regarding abuse, neglect, or abandonment, and determining that it is not in the juvenile's best interest to return to their country of nationality.

45. Implementing regulations at 8 C.F.R. § 204.11(d)(5)(i) require that the petitioner demonstrate "relief from parental abuse, neglect, abandonment, *or a similar basis under State law* granted by the juvenile court." (*emphasis added).* Subsections (A) and (B) identify examples of such relief, including custodial placement, but do not limit relief solely to those examples. The regulation expressly allows "any other similar relief" granted under state law to satisfy this requirement.

46. The regulation's "any other similar relief" clause makes clear that Congress and the Department of Homeland Security intended to defer to the state's determination of what form of relief is appropriate in a given case. There is no statutory or regulatory authority for USCIS to substitute its own judgment for that of the state court on what constitutes meaningful protection from further abuse, abandonment, or neglect under state law.

47. In 2023, the Utah Legislature enacted Utah Code § 80-3-505, creating a Petition for Special Findings for At-Risk Noncitizen Youth. The statute's express purpose is to enable qualifying youth to obtain the state court findings necessary to pursue SIJ status, thereby preventing their return to dangerous circumstances involving abuse, abandonment, or neglect. This statute was enacted as part of Utah's protective framework for vulnerable immigrant youth, reflecting the legislature's recognition that lawful immigration status is itself a form of protection from harm.

48. The Plaintiff filed such a petition in the Third District Juvenile Court in Salt Lake County, Utah, which was granted on February 21, 2024. In its order, the juvenile court expressly found that "[i]f returned to El Salvador, [Plaintiff] would be subject to further neglect." The court's granting of the petition constituted relief under Utah Code § 80-3-505, as it conferred the legal findings necessary to prevent Plaintiff's forced return to the country where further neglect would occur.

11

49. By concluding that Plaintiff's juvenile court order did not provide any form of relief under 8 C.F.R. § 204.11(d)(5)(i), USCIS disregarded both the plain language of the regulation and the legislative intent of Utah's statute. The agency improperly substituted its own interpretation of what constitutes relief, rather than accepting the state court's determination as controlling under state law.

50. The statutory requirement that SIJ classification be granted "with the consent of the Secretary of Homeland Security," 8 U.S.C. § 1101(a)(27)(J)(iii), does not empower DHS to redefine or second-guess what constitutes relief from abuse, abandonment, or neglect. Congress expressly delegated that determination to state juvenile courts, whose authority arises under state law. The statute requires that the state court make findings regarding parental abuse, abandonment, or neglect and grant relief under state law; DHS's role is limited to confirming that the petition is bona fide and not sought primarily for immigration benefits. *See* 8 CFR 204.11. Thus, the "consent" function does not authorize DHS to substitute its own judgment for that of a state court as to what constitutes appropriate relief, because that question is governed by state statutes—here, Utah Code § 80-3-505—which explicitly provides that the Petition for Special Findings for At-Risk Noncitizen Child exists for the purpose of preventing further abuse, abandonment, or neglect.

51. The INA leaves determinations of dependency, custody, and the provision of relief to the jurisdiction of state juvenile courts. Plaintiff met all statutory and regulatory requirements for SIJ classification at the time of filing. The denial of her Form I-360 petition was therefore contrary to the INA and must be set aside.

### 3. THIRD CAUSE OF ACTION:
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

52. Plaintiff incorporates and realleges all the allegations above.

53. Pursuant to the Administrative Procedure Act, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702.

54. Under 5 U.S.C. § 706(2)(A), a reviewing court shall "hold unlawful and set aside agency action…found to be arbitrary, capricious, an abuse of discretion or not otherwise in accordance with law."

55. Defendant's denial of Plaintiff's Form I-360 SIJ petition was arbitrary, capricious, and contrary to law. USCIS issued a Notice of Intent to Deny (NOID) on November 19, 2024, but the notice failed to mention the central basis for the later denial—namely, that the juvenile court order allegedly did not provide relief from further abuse, abandonment, or neglect. By omitting this issue, USCIS deprived Plaintiff of the opportunity to submit evidence or argument addressing the actual ground for denial.

56. USCIS further acted arbitrarily and capriciously by misapplying 8 C.F.R. § 204.11(d)(5)(i), which allows relief to take the form of "any other similar basis under State law." The regulation defers to state courts regarding what constitutes relief from abuse, abandonment, or neglect. Here, Utah law, through Utah Code § 8-3-505, created the Petition for Special Findings for At-Risk Noncitizen Child specifically to provide relief to prevent further neglect, abuse, or abandonment and to facilitate eligibility for SIJ status. The Third District Juvenile Court granted that relief, finding that Plaintiff would be subject to further neglect if returned to El Salvador.

57. By disregarding the legislative intent of the Utah statute and failing to credit the relief granted by the state court, USCIS ignored relevant law and facts, departed from its own policies, and deprived Plaintiff of a meaningful opportunity to respond.

58. Defendant's denial is therefore in clear opposition to the plain language of the APA and applicable regulations. By failing to act in accordance with its own policies and the statutory framework, Defendant's decision constitutes agency action that is arbitrary, capricious, and contrary to law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>RESERVATION OF RIGHTS</u>**

Plaintiffs reserve the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

A. Assume jurisdiction over this matter.

B. Declare that USCIS's denial of Plaintiff's Form I-360 SIJ petition was unlawful, arbitrary, capricious, and contrary to the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(27)(J), and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

C. Declare that USCIS's denial violated its own policies and procedures, including the USCIS Policy Manual, Vol. 1, Pt. E, Ch. 6(F)(3), and the doctrines of fairness and due process.

D. Order USCIS to reopen and/or reconsider Plaintiff's Form I-360 SIJ petition and to approve the petition within 30 days of the Court's order.

E. Enjoin USCIS from taking any adverse action based on the denial of Plaintiff's Form I-360 pending the resolution of this action.

F. Award Plaintiff her costs of suit and attorney's fees under the Equal Access to Justice Act, 42 U.S.C. § 1988, and any other applicable law.

G. Grant such other and further relief as this Court deems just and proper to remedy the harms suffered by Plaintiff, including any relief necessary to preserve her immigration status and prevent removal from the United States.

DATED: October 22, 2025

Respectfully submitted,


/S/ ALEC S. BRACKEN
Alec S. Bracken (UT SBN 17178)
Contigo Law
P.O. Box 249
Midvale, UT 84047
Tel. (801) 676-6548
Email: alec@contigo.law